UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE DIRDEN,
    Plaintiff,

v.                                                           Case No. 3:21cv83/MCR/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a notice of removal pursuant to 28 U.S.C. § 1331 of what appears to be a civil action filed in the Circuit Court in and for Escambia County, Florida, stemming from three criminal cases formerly pending in that court. In the caption of the complaint, Plaintiff names the following Defendants: "State of Florida; and Florida Department of Correctionals [sic], Michael Jones, Public Defender's Office; and Scott Tatums, Frank Bell, Jeffery Burns, Escambia County Jail; and Escambia County Inc" (ECF No. 1 at 3). Plaintiff states in the notice of removal that he was "denied the opportunity to withdraw plea timely, denied the right to due process, extorted, forced obligation(s), kidnapped, and was unlawful [sic] incarcerated (false imprisoned) Pursuant to Void Judgment" (*id.* at 1).

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.2d 405, 409 (11th Cir. 1999). "They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Id.* (internal marks omitted). "Congress, however, may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Id.* (internal marks omitted). "And because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." *Id.* (internal marks omitted).

"Accordingly, [w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal marks omitted). "Indeed, such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own courts, as well as "offends fundamental principles of separation of powers." *Id.* at 409–10 (internal marks and citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to

continue." *Id.* at 410. "As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868), '[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.*

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *Id.* (internal marks omitted).

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Id.* "Pursuant to 28 U.S.C. § 1441(a) (1994), '[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending.'" *Id.* (quoting 28 U.S.C. § 1441(a)). "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Id.* "If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case." *Id.* "However, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came.'" *Id.* (quoting 28 U.S.C. § 1447(c)). "This provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." *Id.*

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.*

Here, as set forth above, Plaintiff invokes the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides for original jurisdiction in

the district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* Plaintiff, however, does not clearly identify a federal cause of action. Moreover, as a general rule, only the defendant can remove a case to federal court. The statutory provisions governing removal of cases from state courts are contained in 28 U.S.C. §§ 1441–53. The plain language of these provisions states that only the defendant or defendants are entitled to remove an action. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States. . . .") (emphasis added); *see also* 28 U.S.C. § 1442(a) and (b), § 1442a, § 1443. In addition, 28 U.S.C. § 1446 discusses the removal procedure in the exclusive context of removal by a defendant or defendants. 28 U.S.C. § 1446. And binding federal decisional law recognizes that only defendants may remove an action from state court to federal court. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction . . . , the defendant or defendants may remove the action to federal court. . . ."); *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1048 (11th Cir. 2001)

Case No. 3:21cv83/MCR/EMT

("The defendants' right to remove a case is their right alone."); *accord Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1248 (9th Cir. 1999) ("The right to remove a case from state to federal court is vested exclusively in 'the defendant or the defendants . . .' 28 U.S.C. § 1441(a)."); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to a defendant or defendants."); *Guttman v. Silverberg*, 374 F. Supp. 2d 991, 993 (D. N.M. 2005) ("Guttman is a plaintiff and is not entitled to remove this case to federal court."); *Seminole Cty. v. Pinter Enters., Inc.*, 184 F. Supp. 2d 1203, 1207 (M.D. Fla. 2000) ("[O]nly defendants may remove an action from state to federal court."); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (3d. ed. 1998) ("[A] cardinal rule is that only defendants may remove. . . .").

As the court observed in *Morris v. James*, No. 2:11cv1051TMH, 2011 WL 7069452, at *1 (M.D. Ala. Dec. 15, 2011), "[t]he process of removing a case from state to federal court was statutorily created to permit *a defendant* to substitute a forum of his or her own choosing that has jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–05 (1941)) (emphasis in original). "The removal statutes intentionally 'restrict the right [of removal] to the party who had no

choice of forum.'"  *Id.* (quoting *Victorias Milling Co. v. Hugo Neu Corp.*, 196 F. Supp. 64, 68 (S.D. N.Y.1961), and citing *Russell Corp.*, 264 F.3d at 1048, for the proposition that "'[t]he defendants' right to remove a case is their right alone;'" *Yakama Indian Nation*, 176 F.3d at 1248, for the proposition that "'[t]he right to remove a case from state to federal court is vested exclusively in 'the defendant or the defendants . . . ;" and *Hamilton v. Aetna Life & Casualty Co.*, 5 F.3d 642, 644 (2nd Cir. 1993), for the proposition that "'the [district] court was correct in its observation that there was no authority permitting [plaintiff] to remove his own action to federal court'").  Because Plaintiff lacks the authority to remove this action, removal was improper, and the court lacks jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That this matter be **REMANDED** to the state court from which it was removed.

2.   That the clerk be directed to close the file.

At Pensacola, Florida this 29th day of January 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No. 3:21cv83/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:21cv83/MCR/EMT